Filed 6/6/22; Certified for Publication 6/23/22 (order attached)

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>EVED VIRELES ROMERO,<br><br>    Defendant and Appellant. | F080671<br><br>(Super. Ct. No. 1088737)<br><br>**OPINION** |

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Stanislaus County.  Dawna Reeves, Judge.

Patrick J. Hoynoski, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Darren K. Indermill and Melissa Lipon, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]    Before Poochigian, Acting P. J., Franson, J. and Meehan, J.

## INTRODUCTION

In 2007, petitioner Eved Vireles Romero pled no contest to the first degree murder of Martin Leon (Pen. Code,[1] § 187, subd. (a)) and admitted the allegation that he acted intentionally, deliberately, and with premeditation in the commission of the offense. He was sentenced to a term of 25 years to life.

In 2019, petitioner filed a petition for resentencing pursuant to section 1170.95. The trial court denied the petition on the ground petitioner is ineligible for resentencing because he was not convicted of felony murder or murder under a natural and probable consequences theory.

On appeal, petitioner contends the trial court engaged in improper judicial factfinding based on the preliminary hearing transcript. He further contends he established a prima facie claim for resentencing relief, and the court therefore erred in finding him ineligible for resentencing as a matter of law. We conclude petitioner's admission that he acted intentionally, deliberately, and with premeditation in the commission of the murder establishes he is ineligible for resentencing as a matter of law. Accordingly, we affirm.

## FACTUAL AND PROCEDURAL HISTORY

On February 6, 2007, the Stanislaus County District Attorney filed an information, charging petitioner with Leon's murder (§ 187, subd. (a); count I), with the allegation that petitioner acted intentionally, deliberately, and with premeditation, and with the special circumstances that the murder was committed for financial gain (§ 190.2, subd. (a)(1)) and by means of lying in wait (§ 190.2, subd. (a)(15)). The information also charged petitioner with conspiracy to commit murder (§ 182; count II).

---

[1] Undesignated statutory references are to the Penal Code.

2.

## I.    Preliminary Examination[2]

The preliminary examination was conducted on January 23, 2007.  There, the parties stipulated that Leon was shot on April 29, 2004, and died the same day of multiple gunshot wounds.  Stanislaus County Sheriff's Deputy Navarro testified that he conducted a custodial interview with petitioner.  During the interview, petitioner admitted that he met with codefendant Luis Penaloza and another man to discuss the murder for hire of Leon.  Penaloza paid petitioner $3,000 to drive another man to Leon's house to kill Leon.  Petitioner drove the man to Leon's house and parked across the street.  When Leon came out of the house, the other man exited the car and petitioner heard three gunshots.  The man returned to the car and petitioner drove away.

## II.    Plea

On October 19, 2007, petitioner entered a plea of no contest to the charge of first degree murder alleged in count I.  He also admitted the allegation that "during the commission of this crime, [he] acted intentionally, deliberately and with premeditation."  The prosecutor provided the following factual basis for the plea:

> "[O]n the 29th of April of 2004, this [petitioner] . . . agreed to drive a person over to the home of Martin Leon so that the other person could shoot Mr. Leon to death.  [Petitioner] knew that the shooting was planned, that . . . it was planned that Mr. Leon would be killed.  [Petitioner] did so in return for the promise of money."

Defense counsel stipulated that the preliminary examination transcript provided a factual basis for the plea.

---

[2] We briefly discuss the preliminary examination to provide context for the parties' arguments and the trial court's ruling.  We take no position on whether testimony presented at the preliminary examination is admissible to determine petitioner's eligibility for resentencing.  (§ 1170.95, subd. (d)(3).)

Thereafter, the prosecutor moved to strike the special circumstance allegations and a firearm allegation[3] as to count I, and moved to dismiss count II. The trial court granted the motion; the allegations were stricken and count II was dismissed.

## III. Resentencing Petition

On November 15, 2019, petitioner, in propria persona, filed a petition for writ of habeas corpus requesting relief under Senate Bill No. 1437 (2017-2018 Reg. Sess.).

On November 26, 2019, the trial court summarily denied the petition, stating:

> "The Petitioner was convicted of murder but the court file reflects that the Petitioner was not charged nor convicted under a theory of felony-murder of any degree, or a theory of natural and probable consequences. Petitioner was charged with premedi[t]ated 1st degree murder and conspiracy to commit murder. The preliminary hearing transcript contained in the courts [*sic*] file reflects that Petitioner was paid to drive a co-conspirator to the victim's residence with the knowledge and the intention that the victim would be shot to death. Petitioner pled no contest to murder in the first degree and admitted the murder was premeditated, deliberate and intentional. The People did not allege a felony-murder or natural and probable consequences theory of liability, nor did they appear to proceed on a felony murder theory at the preliminary hearing."

On that basis, the court determined petitioner was not entitled to relief as a matter of law, and had failed to state a prima facie claim.

This timely appeal followed.

## DISCUSSION

## I. Applicable Law

Effective January 1, 2019, the Legislature passed Senate Bill No. 1437 (2017-2018 Reg. Sess.) "to amend the felony murder rule and the natural and probable consequences doctrine . . . to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the

---

[3] The information contained in the record on appeal lists a firearm allegation (§ 12022, subd. (a)(1)) to count I in the caption, but does not otherwise refer to the allegation.

4.

underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).) The bill accomplished this task by adding three separate provisions to the Penal Code. (*People v. Gentile* (2020) 10 Cal.5th 830, 842 (*Gentile*).) First, to amend the natural and probable consequences doctrine, the bill added section 188, subdivision (a)(3), which requires a principal to act with malice aforethought before he or she may be convicted of murder. (§ 188, subd. (a)(3); accord, *Gentile*, at pp. 842-843.) Second, to amend the felony-murder rule, the bill added section 189, subdivision (e):

> "A participant in the perpetration or attempted perpetration of [qualifying felonies] in which a death occurs is liable for murder only if one of the following is proven: [¶] (1) The person was the actual killer. [¶] (2) The person was not the actual killer, but, with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of murder in the first degree. [¶] (3) The person was a major participant in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of Section 190.2."[4] (§ 189, subd. (e); accord, *Gentile*, at p. 842.)

Finally, the bill added section 1170.95 to provide a procedure for those convicted of a qualifying offense "to seek relief under the two ameliorative provisions above." (*Gentile*, at p. 843.) This procedure is available to persons convicted of "felony murder or murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, attempted murder under the natural and probable consequences doctrine, or manslaughter." (§ 1170.95, subd. (a).)

"Section 1170.95 lays out a process" for a person convicted of one of the aforementioned offenses "to seek vacatur of his or her conviction and resentencing."

---

[4] Additionally, section 189 was amended to allow for felony-murder liability where the victim is a peace officer. (§ 189, subd. (f); accord, *People v. Daniel* (2020) 57 Cal.App.5th 666, 672.)

(*Gentile*, *supra*, 10 Cal.5th at p. 853.)  First, an offender must file a petition in the sentencing court averring that:

> "(1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder, murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, or attempted murder under the natural and probable consequences doctrine[;]
>
> "(2) The petitioner was convicted of murder, attempted murder, or manslaughter following a trial or accepted a plea offer in lieu of a trial at which the petitioner could have been convicted of murder or attempted murder[; and]
>
> "(3) The petitioner could not presently be convicted of murder or attempted murder because of changes to Section 188 or 189 made effective January 1, 2019."  (§ 1170.95, subd. (a)(1)-(3); see § 1170.95, subd. (b)(1)(A); accord, *People v. Lewis* (2021) 11 Cal.5th 952, 959-960 (*Lewis*).)

Additionally, the petition shall state "[w]hether the petitioner requests the appointment of counsel."  (§ 1170.95, subd. (b)(1)(C).)

If a petition fails to contain the required information and the information cannot be "readily ascertained" by the court, the petition may be denied without prejudice to the filing of another petition.  (§ 1170.95, subd. (b)(2).)  Otherwise, counsel must be appointed, if requested.  (§ 1170.95, subd. (b)(3).)  The prosecutor must file a response and the petitioner may file a reply.  The trial court must then hold a hearing to determine if the petitioner has made a prima facie showing that he or she is entitled to relief. (§ 1170.95, subd. (c); accord, *Lewis*, *supra*, 11 Cal.5th at pp. 961-963, 967.)  In making this determination, the court may rely on the record of conviction.  (*Lewis*, at pp. 970-971.)  However, the prima facie inquiry is limited and, at this stage of the proceedings, the court "should not engage in 'factfinding involving the weighing of evidence or the exercise of discretion.' "  (*Id*. at p. 972.)

If the court determines the petitioner has met his or her prima facie burden, "the trial court must issue an order to show cause and hold a hearing to determine whether to vacate the murder[, attempted murder, or manslaughter] conviction and to resentence the petitioner on any remaining counts." (*Gentile*, *supra*, 10 Cal.5th at p. 853; accord, § 1170.95, subds. (c), (d)(1).) At the hearing, the prosecution must "prove, beyond a reasonable doubt, that the petitioner is ineligible for resentencing." (§ 1170.95, subd. (d)(3).) The prosecutor and the petitioner may offer new or additional evidence to meet their respective burdens. The admission of evidence at the hearing is governed by the Evidence Code. However, the court also "may consider evidence previously admitted at any prior hearing or trial that is admissible under current law, including witness testimony, stipulated evidence, and matters judicially noticed," as well as the "procedural history of the case recited in any prior appellate opinion." (§ 1170.95, subd. (d)(3).) Hearsay evidence that was admitted in a preliminary hearing pursuant to subdivision (b) of section 872 is inadmissible at the evidentiary hearing, unless made admissible by another exception to the hearsay rule. (§ 1170.95, subd. (d)(3).)

To demonstrate prejudice from the denial of a section 1170.95 petition before the issuance of an order to show cause, the petitioner must show it is reasonably probable that, absent error, his or her petition would not have been summarily denied without an evidentiary hearing. (*Lewis*, *supra*, 11 Cal.5th at pp. 972-974; see *People v. Watson* (1956) 46 Cal.2d 818, 836.)

## II.    Petitioner is Ineligible for Resentencing as a Matter of Law

Petitioner contends the trial court erred in summarily denying his petition for resentencing. We disagree.

Pursuant to section 1170.95, a petitioner is ineligible for resentencing if he or she was the actual killer, acted with the intent to kill or malice aforethought, or was a major participant in the underlying felony who acted with reckless indifference to human life. (§§ 188, subd. (a)(3), 189, subd. (e), 1170.95, subd. (a)(3); see *Gentile*, *supra*, 10 Cal.5th

at p. 842.) Here, petitioner entered a plea of no contest to the offense of first degree murder, and admitted the allegation that he "acted intentionally, deliberately and with premeditation" in the commission of the offense. By admitting this allegation, petitioner admitted facts necessary to sustain his murder conviction under the law as amended by Senate Bill No. 1437 (2017-2018 Reg. Sess.).

Petitioner asserts that his admission was merely a " 'stray comment[]' " that cannot establish his ineligibility for resentencing. Petitioner is incorrect. This was not a stray comment made in passing during a plea hearing. (See *People v. Cooper* (2020) 54 Cal.App.5th 106, 125 [prosecutor's promise to write a letter to the Board of Prison Terms explaining that the defendant was " 'not a direct actor here but an aider and abettor' " constituted a "stray comment[]" and not a binding admission by the defendant].) Rather, it was a binding admission to a charged enhancement allegation, made pursuant to a negotiated plea.

Petitioner also argues the admission does not establish he acted with actual malice. Petitioner relies on cases that have held that a generic charge of murder committed " 'willfully, unlawfully, and with malice aforethought,' " does not specify or exclude any particular theory of murder and thus does not establish ineligibility for resentencing as a matter of law. (*People v. Rivera* (2021) 62 Cal.App.5th 217, 238; accord, *People v. Flores* (2022) 76 Cal.App.5th 974, 987.) However, petitioner did not merely admit to having committed murder " 'willfully, unlawfully, and with malice aforethought,' " but rather to having committed murder "intentionally, deliberately and with premeditation." His admission to intentional, deliberate, and premeditated murder establishes that he acted with actual malice sufficient to sustain the murder conviction under the law as amended by Senate Bill No. 1437 (2017-2018 Reg. Sess.). (See *People v. Concha* (2009) 47 Cal.4th 653, 662 ["[W]hen malice is *express* because the defendant possessed a specific intent to kill, first degree murder liability may be proper if the charged defendant personally acted willfully, deliberately, and with premeditation."]; *People v. McCoy*

8.

(2001) 25 Cal.4th 1111, 1123 ["Absent some circumstance negating malice one cannot knowingly and intentionally help another commit an unlawful killing without acting with malice."]; *People v. Thomas* (1945) 25 Cal.2d 880, 900 [to prove a defendant premeditated and deliberated the consequences of his action, there must be "substantially more reflection than may be involved in the mere formation of a specific intent to kill"].)

In light of the foregoing, we need not consider petitioner's argument that the trial court engaged in improper factfinding based on the preliminary hearing transcript or erroneously concluded the charges established his ineligibility for resentencing. Even if the court's reasoning was erroneous in part, petitioner was not prejudiced.[5] Petitioner is ineligible for resentencing as a matter of law and he cannot establish that he would have been afforded an evidentiary hearing absent error by the court. (*Lewis*, *supra*, 11 Cal.5th at pp. 972-974; see *People v. Brooks* (2017) 3 Cal.5th 1, 39 [reviewing court may uphold the trial court's ruling if it is supported by any legally correct theory].) The petition was properly denied.

## DISPOSITION

The November 26, 2019 order denying petitioner's section 1170.95 petition is affirmed.

---

[5] Likewise, petitioner was not prejudiced by the court's failure to appoint counsel or permit briefing as required under subdivisions (b)(3) and (c) of section 1170.95.

**CERTIFIED FOR PUBLICATION**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>EVED VIRELES ROMERO,<br><br>    Defendant and Appellant. | F080671<br><br>(Super. Ct. No. 1088737)<br><br>**ORDER GRANTING REQUEST**<br>**FOR PUBLICATION** |

As the nonpublished opinion filed on June 6, 2022, in the above entitled matter hereby meets the standards for publication specified in the California Rules of Court, rule 8.1105(c), it is ordered that the opinion be certified for publication in the Official Reports.

POOCHIGIAN, Acting P. J.

WE CONCUR:

FRANSON, J.

MEEHAN, J.